5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard REAKOFF, Plaintiff-Appellant,
v.
Gregory Warren TANNER; Michael Duffield; Kenneth Merrill,
Defendants-Appellees.
 No. 91-36186.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993.
Decided Aug. 19, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CV-88-0005-AJK, Andrew J. Kleinfeld, District Judge, Presiding.
 D.Alaska
 REVERSED AND REMANDED.
 Before SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a section 1983 action brought by the plaintiff-appellant, Richard Reakoff. The action is based on the warrantless arrest of Reakoff in his home in Wiseman, Alaska, after officers received information that Reakoff was acting in a dangerous manner. The district court granted partial summary judgment in favor of defendants, ruling that there was no material issue as to probable cause to arrest. The rest of the case was tried to a jury, which found in favor of the defendants. Reakoff now appeals.
 
 
 3
 The most troublesome issue in the appeal pertains to the issue in the partial summary judgment ruling--whether the officers had probable cause to arrest Reakoff. Officer Tanner testified that Reakoff's friend Jack Tierney came to Tanner concerned about Reakoff's behavior. Tanner stated that he had received earlier reports of a disturbance involving Reakoff. While investigating the report, Tanner was told by Tierney that Reakoff had assaulted Tierney. Tanner testified that Tierney never told him that the story was untruthful. On the basis of this information, Tanner proceeded to Reakoff's home.
 
 
 4
 Reakoff disputes this version of events. He points to Tierney's affidavit, which states that he explained to Tanner from the beginning that the assault story was a fabrication. According to Tierney, when Tanner told him that an arrest could not take place without evidence of unlawful activity, Tierney concocted the assault story so that Tanner could arrest Reakoff.
 
 
 5
 Despite the conflicting affidavits, the district court granted defendants' motion for partial summary judgment. The district court analogized the situation to one in which a battered spouse initially makes an accusation and then recants. The district court correctly observed that in such circumstances, the police are entitled to rely upon the initial accusation of wrongdoing.
 
 
 6
 The difficulty with that analogy in this case is that on the face of the affidavits, there was no recantation. According to Tierney, he made it clear from the beginning that his story was a falsehood in order to cause an arrest that would not otherwise be made. According to Tanner, Tierney never told him that the assault story was false. In these circumstances, partial summary judgment was inappropriate. If the police arrested Reakoff absent probable cause and exigent circumstances, then the arrest was improper. See Payton v. New York, 445 U.S. 573 (1980) (warrantless arrest in home violates Fourth Amendment unless both probable cause and exigent circumstances exist). The threshold question of probable cause depends, at least in part, on whether the officers knew Tierney's story to be false. This is a question of fact to be determined by the jury. Thus summary judgment should not have been granted.
 
 
 7
 Appellant's remaining contentions are without merit. He argues that the district court should have granted a directed verdict in his favor on the issue of unlawful entry. His theory is that principles of collateral estoppel barred these defendants from arguing the entry was lawful, because the state court ruled in the criminal prosecution that the warrantless entry was unjustified. The defendants in this case, however, were not a party to that case; the criminal case was one between Reakoff and the State of Alaska. The defendants here are all being sued in their individual capacities and had no fair opportunity to litigate in the state court proceedings the issue of the legality of the entry. See, e.g., Allen v. McCurry, 449 U.S. 90, 94-95 (1980) (collateral estoppel does not apply when the party against whom the earlier decision is asserted was not a party and did not have a full and fair opportunity to litigate the issue).
 
 
 8
 Accordingly, this case is reversed and remanded for retrial on all issues.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3